```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
```

                                  :
TYRONE DARNELL BUTLER
                                  :

    v.                            :   Civil Action No. DKC 16-0330
                                      Criminal Case No. DKC 12-0116
                                  :
UNITED STATES OF AMERICA
                                  :

**MEMORANDUM AND ORDER**

Presently pending and ready for review is the unopposed motion of the United States for an order directing Petitioner Tyrone Butler's ("Petitioner") former counsel to provide information concerning Petitioner's claim of ineffective assistance of counsel and an order holding the United States' response in abeyance. (ECF No. 58). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion filed by the United States will be granted.

**I.  Background**

On February 4, 2016, Petitioner filed a motion for writ of habeas corpus to correct, set aside, or vacate his conviction due to ineffective assistance of counsel under 28 U.S.C. § 2255. (ECF No. 53-5). Petitioner, a federal inmate, alleges that his court-appointed counsel at trial, William Welch, "intentionally misinformed him of the factual evidence the [United States]

retained in its statement of facts." (*Id.* at 1). As a result, according to petitioner, he "involuntarily, unknowingly, and unintelligently[] plead[ed] guilty to the . . . indictment." (*Id.*). In particular, Petitioner contends that he received ineffective assistance of counsel because: (1) Mr. Welch did not investigate or review the facts related to Petitioner's charges, including the alleged drug quantity, and thus "failed to advocate in [] Petitioner's best interest" (*id.* at 6; *see* ECF No. 53-1, at 5-6, 8); (2) Mr. Welch "was ineffective by misinforming Petitioner concerning this lack of evidence supporting the facts in the [United States'] statement of facts and the stipulation in general" (ECF No. 53-5, at 6); (3) Mr. Welch did not allow Petitioner "to review the revised [presentence investigation ("PSI")] report before sentencing" and "did not advise Petitioner concerning any portion of the [PSI]" (ECF No. 53-1, at 7); and (4) Mr. Welch counseled Petitioner "that pleading guilty in open [c]ourt to the charges would assure him a sentence anywhere between 57-71 months" (ECF No. 53-5, at 7). Petitioner, upon entering a guilty plea, was sentenced to 96 months on February 2, 2015. (ECF No. 43).[1]

On February 26, 2016, the court ordered that the United States respond to Petitioner's § 2255 motion within 60 days.

---

[1] Petitioner asserts that the court sentenced him to 120 months, 96 months for the underlying drug offense and 24 months for violation of supervised release. (ECF No. 53-5, at 5).

2

(ECF No. 56).  On March 8, Mr. Welch submitted correspondence raising concerns that information sought by the United States is protected by attorney-client privilege.  (ECF No. 57).  Mr. Welch copied Petitioner on his correspondence and sought informed consent waiving the privilege, but Petitioner has not responded.  On March 9, the United States moved for a court order directing Mr. Welch to provide information concerning Petitioner's ineffective assistance claims.  The United States also requests that the court hold this matter in abeyance until the court has ruled on its motion and Petitioner waives attorney-client privilege or Mr. Welch provides an affidavit.  (ECF No. 58).  On April 11, the United States again moved for the court to stay its response.  (ECF No. 59).

**II. Analysis**

In support of its motion, the United States urges the court to rely on procedures for considering ineffective assistance of counsel claims adopted by the United States District Court for the Southern District of West Virginia.  (*See* ECF No. 58, at 4).  Courts in that district routinely direct former defense counsel to file affidavits responding only to the petitioner's specific claims of ineffective assistance.  *See, e.g., Harris v. United States*, No. 3:14-CR-00042-01, 2016 WL 236988, at *3 (S.D.W.Va. Jan. 19, 2016).  This court, like those the Southern District of West Virginia, "must take into account the professional and

ethical responsibilities of [the petitioner's trial counsel] . . . . . [Mr. Welch] ha[s] a basic duty under any jurisdiction's standards of professional conduct to protect [Petitioner's] attorney-client privilege." *Id.* at *1. Local Rule 704 provides that this court "shall apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals."

The Maryland Lawyer's Rules of Professional Conduct (the "Maryland Rules"), as well as the American Bar Association's ("ABA") Model Rules of Professional Conduct, "substantially limit the circumstances under which an attorney may reveal privileged communications without an express and informed waiver of the privilege by the client." *Harris*, 2016 WL 236988, at *1 (considering the corresponding provisions of the West Virginia Rules of Professional Conduct, which are similar to the Maryland Rules); *see* Md. Rule 16-812, Rules of Prof. Conduct 1.6 and 1.9(c); Model Rules of Prof. Conduct 1.6 and 1.9(c). Rule 1.6(b)(5) of the Maryland Rules, however, does permit a lawyer to reveal information relating to the representation of a client to the extent the lawyer believes reasonably necessary "to respond to allegations in any proceeding concerning the lawyer's representation of the client." Furthermore, Rule 1.6(b)(6) authorizes a lawyer to disclose such information "to comply with these Rules, a court order or other law." In light of these provisions, Mr. Welch may, without violating the Maryland Rules,

4

"disclose information in this proceeding regarding [his] communications with [Petitioner] to the extent reasonably necessary to comply with" a court order and respond to Petitioner's allegations of ineffective representation. *Harris*, 2016 WL 236988, at *2.

In July 2010, the ABA's Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 (the "Formal Opinion") addressing the disclosure of information when a lawyer's former client asserts ineffective assistance of counsel. ABA Comm. on Ethics and Prof. Responsibility, Formal Op. 10-456 (2010). According to the ABA, absent client consent or a waiver, "it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable." *Id.* However, if the lawyer's evidence is necessary to disposition by the court, the lawyer can provide evidence "subject to judicial determinations of relevance and privilege that provide a check on the lawyer disclosing more than is necessary to resolve the [petitioner's] claim." *Id.* The ABA concluded that "an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information," but noted that this waiver does not operate to release fully an attorney from his or her obligation to keep client information confidential, unless

the client gives informed consent for broader disclosure or disclosure is sanctioned by a separate exception contained in the Model Rules. *Id.; see Harris*, 2016 WL 236988, at *2.

Federal appellate courts also have long held that habeas petitioners raising claims of ineffective assistance of counsel waive the attorney-client privilege as to those communications that are relevant to the specific allegations of ineffective assistance. *See United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("[W]hen a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("[C]ourts have found implied waiver of these privileges when the petitioner injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." (citation omitted)); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) ("[W]here a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." (citations omitted)); *Johnson v. Alabama*, 256 F.3d 1156, 1179 (11th Cir. 2001) ("[T]here should be no confusion that a habeas petitioner alleging that his counsel made unreasonable strategic decisions waives any claim of

privilege over the contents of communications with counsel relevant to assessing the reasonableness of those decisions in the circumstances."); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("[P]rivilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) ("[W]here, as here, the client alleges a breach of duty to him by the attorney, we have not the slightest scruple about deciding that he thereby waives the privilege as to all communications relevant to that issue."). For petitioners bringing ineffective assistance claims in federal court, "the attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).

Here, by filing his § 2255 motion alleging ineffective assistance of counsel, Petitioner intentionally waived the attorney-client privilege that attached to some of his communications with Mr. Welch. Petitioner's motion and supporting memorandum and affidavit impliedly waived this privilege as to, for example, those communications pertaining to his claim that Mr. Welch provided misinformation about the United States' statement of facts and assurances regarding a

7

sentence between 57-71 months. (*See* ECF Nos. 53-5; 53-1; 53-2). "Nonetheless, the [c]ourt retains authority to issue a protective order governing production of the privileged information, including the method by which currently undisclosed communications will be" shared. *Harris*, 2016 WL 236988, at *3 (citing *United States v. Nicholson*, 611 F.3d 191, 217 (4th Cir. 2010)).[2] The disclosures "should supply the basic information required by the United States to allow it to respond to [Petitioner's §] 2255 motion while simultaneously ensuring a reasonable limitation on the breadth of the waiver of the attorney-client privilege." *Id.*

The court will order Petitioner's trial counsel, Mr. Welch, to provide to the United States within 30 days from the date of this order an affidavit responding to Petitioner's claims of

---

[2] The United States Court of Appeals for the Fourth Circuit has not addressed the scope of attorney-client privilege when a habeas petitioner seeks relief based on alleged ineffective assistance of counsel. In *Nicholson*, however, the Fourth Circuit cited *Bittaker* favorably in reversing the denial of habeas relief due to the defense counsel's conflict of interest. The Fourth Circuit appears to have approved a narrow implied waiver rule, noting that "'requiring the petitioner to enter . . . a broad waiver would force him to [a] painful choice' – a choice between 'asserting his ineffective assistance claim and risking a trial where the prosecution can use against him every statement he made to his first lawyer,' or 'retaining the privilege but giving up his ineffective assistance claim.'" *Nicholson*, 611 F.3d at 217 (quoting *Bittaker*, 331 F.3d at 723). The *Nicholson* court concluded that the defendant petitioner "should be entitled to a protective order prohibiting the Government from using privileged information revealed by [prior defense counsel] in litigating [the defendant's] actual conflict of interest claim." *Id.*

ineffective assistance. The affidavit shall contain all of the information that Mr. Welch believes is necessary to respond fully to Petitioner's claims and shall include as attachments copies of any documents from his file specifically addressing the matters raised by Petitioner in his § 2255 motion. *See id.* "To the extent that any documents produced address other aspects of [Mr. Welch's] representation of [Petitioner], [Mr. Welch] may redact them. In preparing the affidavit and attachments, [Mr. Welch] should disclose only that information reasonably necessary to ensure the fairness of these proceedings." *Id.* Furthermore, certain court-imposed limitations on the use of the disclosed information are necessary to protect Petitioner's future interests. Accordingly, "a protective order prohibiting the subsequent and unfettered use of [the disclosed information] is entirely justified," and the attorney-client privilege "shall not be deemed automatically waived in any other [f]ederal or [s]tate proceeding by virtue of" the disclosure ordered here. *Id.* at *4.

### III. Conclusion

For the reasons stated in the foregoing memorandum opinion, it is this 12th day of April, 2016, by the United States District Court for the District of Maryland, ORDERED that:

1. The United States' motion for an order directing Petitioner Tyrone Butler's former counsel to provide information

9

to the United States concerning Petitioner's claim of ineffective assistance of counsel and an abeyance (ECF No. 58) BE, and the same hereby IS, GRANTED;

2. William Welch, Petitioner's former counsel, SHALL PROVIDE to the United States within thirty (30) days an affidavit responding to Petitioner's specific claims of ineffective assistance raised in his § 2255 motion;

3. It IS ORDERED that the attorney-client privilege, which attaches to the communications between Petitioner and Mr. Welch, shall not be deemed waived automatically in any other federal or state proceeding by virtue of the disclosure ordered here;

4. The affidavit and documents supplied by Mr. Welch SHALL BE limited to use in this proceeding, and the United States is prohibited from otherwise using the privileged information disclosed by Mr. Welch without further order of a court of competent jurisdiction or a written waiver by Petitioner;

5. The United States SHALL HAVE thirty (30) days after receipt of Mr. Welch's affidavit and supporting documentation, if any, to file a response to Petitioner's § 2255 motion;

6. Petitioner SHALL HAVE forty-five (45) days after service of the United States' response to file a reply;

7. The United States' motion to stay and hold its response in abeyance (ECF No. 59) BE, and the same hereby IS, DENIED as moot; and

8. The clerk will transmit copies of this order to counsel for the United States and directly to Petitioner.

                                         /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge